# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2021

Lyle W. Cayce
Clerk

No. 19-60910
Summary Calendar

Victor Orlando Cano-Meza,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 259 991

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Victor Orlando Cano-Meza, a native and citizen of Honduras, petitions us for a review of a decision of the Board of Immigration Appeals. He was deported in 2003 on the basis of a 1999 removal order. In 2018 he filed a motion to reopen that argued there was a change in the law. The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60910

Immigration Judge denied this motion, and Cano-Meza appealed to the Board. Cano-Meza has not advanced the arguments from that motion, so they are abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). While waiting for the decision of the Board, Cano-Meza filed a motion to remand and rescind in which he argued that his notice of hearing was sent to an address different from the one he provided the immigration authorities and that the ineffective assistance of his original attorney in 1999 was a ground for reopening. The Board denied both motions, refusing to consider whether the notice of hearing was sent to the wrong address because that issue had not been raised before the immigration judge, and finding that equitable tolling was unwarranted.

We review denials of motions to reopen under a "highly deferential abuse of discretion standard." *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). We are not compelled to find that Cano-Meza's ineffective assistance of counsel claim warranted equitable tolling as there is not compelling evidence of due diligence during the nearly twenty years between the removal order and the BIA decision now before us. *Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020).

We lack jurisdiction to consider Cano-Meza's additional argument that he never received proper notice because it was sent to an address where he no longer lived. He raises this argument for the first time in this petition for review, therefore it is unexhausted. *See Omari v. Holder*, 562 F.3d 314, 317–19 (5th Cir. 2009).

DENIED in part and DISMISSED in part.